09-2078-ag
Chen v. Holder

BIA
Bukszpan, IJ
A095 850 639

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of January, two thousand ten.

PRESENT:
JOSEPH M. McLAUGHLIN,
JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
        *Circuit Judges*.

_____

MU LIN CHEN,
        *Petitioner*,

        v.                                        09-2078-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

**FOR PETITIONER:** H. Raymond Fasano, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Lyle D. Jentzer, Senior Litigation Counsel; Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mu Lin Chen, a native and citizen of the People's Republic of China, seeks review of an April 17, 2009 order of the BIA, affirming the November 9, 2007 decision of Immigration Judge ("IJ") Joanna M. Bukszpan, which denied his application for relief under the Convention Against Torture ("CAT"). *In re Mu Lin Chen*, No. A095 850 639 (B.I.A. Apr. 17, 2009), *aff'g* No. A095 850 639 (Immig. Ct. N.Y. City Nov. 9, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards

of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

The IJ's adverse credibility determination was supported by substantial evidence. We have held that an adverse credibility finding may reasonably be based on the applicant's submission of false evidence in an asylum proceeding. *See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006) (discussing the maxim *falsus in uno, falsus in omnibus*). Here, it is undisputed that Chen filed an asylum application that contained material misrepresentations regarding the date and manner of his entry into the United States. In addition, he offered both his own testimony and that of a witness supporting these false claims. The knowing filing of a false asylum application casts a serious shadow on an applicant's overall credibility. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). While applicants should be encouraged to recant false statements and withdraw false applications, as Chen did here, the agency is not required to overlook such falsities in making its ultimate determination. Thus, the IJ properly relied on the maxim of *falsus in uno, falsus in*

*omnibus* in denying Chen's CAT claim.  *See Siewe*, 480 F.3d at 170 (relying on the maxim to find that once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity"); *Rui Ying Lin*, 445 F.3d at 133.  We are unpersuaded by Chen's argument that his misrepresentations regarding his entry to this country are ancillary to his CAT claim and thus an impermissible basis for the denial of that relief.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 184-85 (2d Cir. 2004).  To the contrary, falsehoods regarding Chen's entry to this country surely relate to his claims concerning his exit from China.  Even if the two bore no relation, the IJ was still permitted to deem the balance of Chen's uncorroborated testimony false.  *See Siewe,* 480 F.3d at 170-71 (finding that even ancillary falsehoods may support the application of *falsus in uno*).  Having found no error in the IJ's credibility determination, we need not reach her alternative burden of proof finding.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk